UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

VIVIAN STERLING

    Plaintiff,
vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES, INC.

    Defendant
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, VIVIAN STERLING, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, INC., and further states as follows:

GENERAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District, Florida pursuant to 28 U.S.C. 1333 and the forum selection clause of Plaintiff's passenger cruise ticket with Defendant, Section (19) (b). The cause of action is in excess of $75,000.00. There is diversity of citizenship. Plaintiff is a resident and citizen of the state of New York. This is a maritime cause of action.

2. Plaintiff has complied with all conditions precedent or, in the alternative, such conditions do not apply to this Plaintiff.

3. Defendant is a Panamanian Corporation, licensed to do business in Florida as a cruise line. Defendant's base of operations is in Miami, Dade County, Florida.

## COUNT ONE-NEGLIGENCE

4. Plaintiff VIVIAM STERLING reavers and realleges paragraphs One through Three.

5. On or about December 7, 2014, Plaintiff, VIVIAN STERLING was a fare-paying passenger on CARNIVAL VALOR.  The vessel was in navigable waters and was tied up at the pier in Puerto Rico. Defendant owned or operated CARNIVAL VALOR at all times material.

6. At all times material, Defendant owed Plaintiff a duty of reasonable care in the circumstances.

7. On or about the aforesaid date, Plaintiff was on the pier in Puerto Rico attempting to board CARNIVAL VALOR to start a cruise.

8. Defendant had set up and established a check-in process for boarding its passengers including Plaintiff by having them stand in long lines, shuffle along and make their way to an employee or agent to complete the boarding process.

9. As part of the boarding process, Defendant had placed signs in the walking area regarding documents Plaintiff should have ready when she reached the Defendant's employees or agents to start the check-in process.

10. There was no crowd control being employed by Defendant and the supervision of passengers in these long lines was either non-existent or inadequate.

11. The signs Defendant placed adjacent to the walking area where Plaintiff was walking were inappropriate as they had little feet on the signs themselves which

       jutted out into the walking area creating a tripping hazard for passengers like Plaintiff.

12. The tripping hazard created by the signs was neither open nor obvious to Plaintiff as she walked along toward the check in counter.

13. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

    a. Failing to maintain a passenger boarding area in a reasonably safe condition, and/or;

    b. Failing to have warnings of the dangers of walking in a crowded passenger area, and/or;

    c. Failing to have a safe walking surface in a passenger boarding area, and/or;

    d. Failing to properly organize a passenger boarding process, and/or;

    e. Failing to have sufficient personnel to supervise and control; a passenger boarding process, and/or;

    f. Failing to have proper signage in a passenger boarding area what would not constitute a tripping hazard for Plaintiff, and/or;

14. As a result of the foregoing, the Plaintiff was seriously injured when she walked in an area controlled by Defendant and tripped on a sign placed by Defendant in the walking area and fell, landing on her face and entire left side of her body. The fall resulted in injuries to Plaintiff's face, eyes and mouth and teeth and left foot, resulting in a several surgeries with a tendon repair and implantation of hardware

in her foot.

15. At all times material, the Defendant had actual knowledge of the dangerous condition and/or constructive knowledge of the dangerous condition by the length of time the condition existed, and/or the nature of the dangerous condition and/or the fact that the dangerous condition was ongoing, repetitive or recurring with some regularity.

16. At all times material, Plaintiff acted with due care for her own safety.

17. In the alternative, Defendant is not required to have notice of the condition because Defendant engaged in and was guilty of negligent maintenance and/or engaged in negligent methods of operation.

18. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense, and physical handicap and a loss of the ability to enjoy life; loss of the enjoyment of her cruise, suffered scarring and disfigurement and an aggravation of known and/or unknown pre-existing conditions, and injuries to her body including her left foot and ankle and face and dental injuries. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages and costs and pre-judgment interest. Jury trial is demanded.

Dated this 1st day of December, 2015.

          HOFFMAN LAW FIRM
          PAUL M. HOFFMAN, P.A.
          2881 East Oakland Park Boulevard
          Fort Lauderdale, FL 33306
          Telephone: (954) 707-5040

By:   *//s// Paul M. Hoffman*
      PAUL M. HOFFMAN, ESQ.
      Florida Bar No: 0279897